IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID W. GNAU,

    Plaintiff,

v.                                                                               2:14-cv-01162-LH-LF

J. WRIGLEY, Warden, and
HECTOR BALDERAS,[1] Attorney General
of the State of New Mexico,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF
## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on petitioner David W. Gnau's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1), filed on December 29, 2014. After considering the parties' filings and the relevant law, I recommend that the Court dismiss this second or successive petition for lack of jurisdiction.

Gnau filed his first habeas corpus petition with this Court pursuant to 28 U.S.C. § 2254 on June 13, 2012. *See* 12-cv-0647 JCH-WPL (D.N.M. June 13, 2012) ("*Gnau I*"), Doc. 1. The Court dismissed that petition without prejudice because Gnau had not exhausted his state court remedies. *Gnau I*, Doc. 11.[2]

---

[1] Gnau originally filed his petition against Gary King, who was the Attorney General of New Mexico when Gnau filed his petition. As Hector Balderas is Mr. King's successor, he is automatically substituted as a party under FED. R. CIV. P. 25(d).

[2] The judgment in *Gnau I* states that the case was dismissed with prejudice. *Gnau I*, Doc. 12. This appears to be a typographical error, as both the Proposed Findings and Recommended Disposition ("PF&RD"), Doc. 9, and the order adopting the PFRD, Doc. 11, state that the case was dismissed without prejudice.

Gnau filed his second habeas corpus petition with this Court pursuant to 28 U.S.C. § 2254 on November 19, 2012. *See* 12-cv-1206 MCA-CG (D.N.M. Nov. 19, 2012) ("*Gnau II*"), Doc. 1. In that case, the Court once again found that Gnau had failed to properly exhaust any of the claims raised in his petition. *Gnau II*, Doc. 13 at 7. However, the Court dismissed some of Gnau's claims with prejudice, and some without prejudice. *Gnau II*, Doc. 16.

The Court dismissed three claims with prejudice because they were not cognizable in a federal habeas petition: 1) his claim that he was denied legal access because he sent a petition for writ of certiorari to the New Mexico Supreme Court but did not receive notice that it was filed, or any kind of response; 2) his claim that he was subjected to an illegal search and seizure by being forced to sign a blank form consenting to a search; and 3) his claim that he was subjected to an illegal search and seizure because his wife's consent to a search was void because she is incompetent. *See Gnau II*, Doc. 13 at 3–6, 11. The Court dismissed four claims with prejudice because they were procedurally barred: 1) his claim that his counsel was ineffective because counsel failed to interview witnesses or obtain documents helpful to his case; 2) his claim of prosecutorial misconduct based on the allegation that the district attorney ("DA") improperly used the testimony of an incompetent witness (petitioner's wife); 3) his claim of prosecutorial misconduct based on the allegation that the DA falsified evidence; and 4) his claim of prosecutorial misconduct based on the fact that the DA used testimony and police reports from the investigating detective, who Gnau claimed was biased him. *Id.* at 4, 7–9, 11. The Court dismissed four claims without prejudice, finding they were not exhausted but that the state court might review them under the doctrine of fundamental error: 1) his claim of ineffective assistance of counsel based on his counsel allegedly using the death of petitioner's father, his primary witness, to coerce petitioner into a plea agreement; 2) his claim of ineffective assistance of

counsel based on his assertion that his request to dismiss his counsel was denied; 3) his claim of prosecutorial misconduct based on his allegation that at sentencing, the DA improperly used a picture drawn by the victim that was unduly prejudicial; and 4) his claim of prosecutorial misconduct based on the DA allegedly withholding exculpatory evidence. *Id.* at 4, 9–11. Gnau did not appeal the district court's judgment in *Gnau II*.

The type of hybrid approach this Court used in *Gnau II*—dismissing some unexhausted claims on the merits and other unexhausted claims without prejudice—is "both unauthorized by § 2254(b)(2) and potentially fatal to petitioner's ability to re-assert his unexhausted claim after exhaustion." *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). When faced with a petition containing only unexhausted claims, a district court has only two options—the court may either "(1) dismiss the *entire petition* without prejudice in order to permit exhaustion of state remedies, or (2) deny the *entire petition* on the merits." *Id.* at 1235 (emphasis added); *see also Wood v. McCollum*, 833 F.3d 1272, 1274 (10th Cir. 2016) ("A district court may not dispose of a mixed petition in a hybrid fashion by adjudicating the exhausted claims on the merits and dismissing the unexhausted claim(s) without prejudice."). It is true that "*petitions which have been dismissed without prejudice for failure to exhaust state remedies do not count as previous petitions for purposes of*" deciding whether a petition is second or successive. *Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (internal citations omitted) (emphasis added). However, once a district court decides any claim of a habeas petition on the merits, all subsequent petitions—even those bringing previously dismissed unexhausted claims after they have been exhausted—must meet the requirements for second or successive petitions. *Id.* at 1195–96.

In his current petition, Gnau raises 32 claims. Defendants argue that 30 of these claims should be treated as second or successive, but that the Court should address the two claims which the Court previously dismissed for failure to exhaust. Doc. 7 at 11–12. However, based on *Moore* and *Tapia*, Gnau's entire petition is second or successive, and this Court lacks jurisdiction to address the petition, or any claims within the petition.

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When faced with a second or successive petition, this Court may either "transfer the matter to [the Tenth Circuit Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252; *see* 28 U.S.C. § 1631.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251.

While Gnau's petition would be time barred if filed in the proper forum, this factor alone does not merit transfer to the Tenth Circuit Court of Appeals.[3] Because Gnau's petition is meritless on its face, the interests of justice do not require transfer of this case. I therefore recommend that the Court dismiss this case for lack of jurisdiction.

---

[3] A person in custody pursuant to a state court judgment must file his or her application for a writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Gnau exhausted two of his state habeas petitions by petitioning for a writ of certiorari from the New Mexico Supreme Court, which denied these two petitions on April 16, 2014 (Doc. 7-2 at 33) and October 14, 2014 (Doc. 7-3 at 36)—well over one year ago.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application also shall be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court, or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Gnau presented many of the claims in his current petition in his second petition with this Court (12-cv-1206 MCA-CG, *Gnau II*), and these claims would be subject to dismissal under § 2244(b)(1). But even assuming, as defendants claim, that Gnau did not present 30 of his 32 claims in his current petition in *Gnau I* or *Gnau II*, Doc. 7 at 13, Gnau fails to allege that any of his claims rely on a new rule of constitutional law, or that they are based on facts which were unknown to him when he filed his petition in *Gnau II*. *See* 28 U.S.C. § 2244(b)(2). Thus, Gnau's petition fails on its face to satisfy any of the authorization standards for a second or successive § 2254 petition, and it is not in the interests of justice to transfer this matter to the Tenth Circuit. *See In re Cline,* 531 F.3d at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit Court of Appeals] for authorization."); *see also Rea v. Trani*, 586 F. App'x 490, 491 (10th Cir. 2014) (unpublished) (it is not in the interests of justice to transfer a 28 U.S.C. § 2254 petition where the pleading does not satisfy the requirements for filing a second and successive § 2254 petition).

For the reasons stated above, I recommend that the Court dismiss Gnau's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) for lack of jurisdiction.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge